Argued December 19, 1974, reversed and remanded
January 14, 1975

# EARL SMITH OIL COMPANY, *Petitioner, v.*
# EMPLOYMENT DIVISION, *Respondent.*

530 P2d 538

*Ronald M. Somers,* The Dalles, argued the cause for petitioner. On the brief was John E. Uffelman, The Dalles.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

SCHWAB, C. J.

This is an appeal under ORS 657.685 from an order of an Employment Division referee affirming a tax deficiency assessment of the Employment Division Administrator against petitioner, Earl Smith Oil Company, on payments to one George Benson.

The pertinent facts are not disputed. Smith is a jobber of Phillips Petroleum Company products, and Benson distributes for Smith as a consignee. Benson owns and maintains his own trucks and is compensated only by commissions. Benson delivers largely to farmers, but also to some service stations. Deliveries of vehicle fuel are in bulk quantities off a tank truck, apparently into his customers' storage tanks. Deliveries of other petroleum products are in case lots, barrels or pails.

■■ Contrary to the referee, we hold that under these facts Benson's services did not constitute employment within the meaning of the Employment Di-

vision Law because such services are specifically exempted by ORS 657.090, which reads:

> " 'Employment' does not include service performed by an individual or partnership in the wholesale distribution of petroleum products whose remuneration for such service primarily consists of the difference between the amount he pays or is obligated to pay for the petroleum products and the amount he receives or is entitled to receive from the sale thereof or whose remuneration for such service primarily consists of commissions."

The Employment Division contends that the word "wholesale" as used in ORS 657.090 restricts the statutory exemption to sales to those who intend to re-sell. Smith contends that "wholesale" as used in the statute simply means bulk distribution as distinguished from delivery directly into fuel-consuming vehicles, a function normally performed by retail service stations.

■ Smith cites numerous cases from other jurisdictions supporting the proposition that the definition of "wholesale" which he propounds is the definition of that word as used in the petroleum distribution industry. We need not consider those authorities here because it is clear that when the legislature inserted the word "wholesale" into ORS 657.090, it did so on the representation of the Department of Employment (now Employment Division) that by doing so it would exempt bulk distributors but not retail service station operators. There is but one difference between ORS 657.090 as it was enacted in 1947 and its current provisions. The word "wholesale" was added by the 1961 legislature at the request of the Department of Employment, which explained its request by letter to

the chairman of the Senate committee considering the proposed amendment:

"When O.R.S. 657.090 was enacted in 1947, it was sponsored by one of the major oil companies with the expressed intention and purpose of excluding bulk petroleum distributors from coverage under the Department of Employment Law. This is the way the law has been and now is applied and construed by the Department of Employment.

"However, a close examination of the wording of the statute reveals the possibility that O.R.S. 657.-090 might be subject to an interpretation which would not adhere to the intention of the legislature. The courts in various jurisdictions do not always hold that the word 'distributor' is limited to the wholesaler and, therefore, it becomes questionable as to whether or not O.R.S. 657.090 would be limited to bulk distributors in the event of a court test. It might be extended to include all retail service station operators who are paid on the basis of the difference between what they pay for the products they sell and what they receive for those products or on a commission basis. Therefore, it is suggested that in order to conform to the original intention of the legislature and the actual practice and construction now used by the Department, the word 'wholesale' should be inserted in this section so that there can be no doubt concerning who should be excluded from coverage.

"Only Virginia excludes distributors of petroleum products from coverage under the Department of Employment Law and the Virginia exclusion uses the word 'wholesale' petroleum distributor."

Thus it is clear that the legislation was designed to exempt services such as Benson was performing.

Reversed and remanded.